The CHEROKEE NATION, OR TRIBE OF INDIANS, Plaintiff,

v.

STATE OF OKLAHOMA et al., Defendants.

Choctaw Nation and the Chickasaw Nation, Intervenors.

Civ. No. 6219.

United States District Court, E. D. Oklahoma.

May 4, 1976.

Earl Boyd Pierce, Ft. Gibson, Okl., Andrew Wilcoxen, Muskogee, Okl., for plaintiff.

Lon Kile, Hugo, Okl., for intervenors.

S. M. Groom, Jr., Edmond, Okl., for Mobil Oil, movant.

Donald B. Nevard and Kevin Murphy, Oklahoma City, Okl., for Oklahoma Tax Commission, movant.

## ORDER

DAUGHERTY, Chief Judge.

The Cherokee Nation sued the State of Oklahoma and several of the State's lessees to establish its ownership of the bed of the Arkansas River between the confluence of the Grand and Arkansas Rivers and the Oklahoma-Arkansas State boundary. The relief sought by the Cherokees was an injunction and an accounting. Oklahoma and some of its lessees counter-claimed for a decree quieting title to the river bed in the State of Oklahoma. The Choctaw and Chickasaw Nations were permitted to intervene and asserted claims of ownership to the river bed. The Trial Court held for the State and its lessees. That decision was affirmed by our Court of Appeals, *Cherokee Nation or Tribe Of Indians v. State of Oklahoma*, 402 F.2d 739 (Tenth Cir. 1968), but was reversed by the Supreme Court, *Choctaw Nation v. State of Oklahoma*, 397 U.S. 620, 90 S.Ct. 1328, 25 L.Ed.2d 615 (1970). On remand the Trial Court found the Supreme Court to have conclusively denied Oklahoma's claim. The Trial Court then divided the river bed between the claimants, required Oklahoma to account for all money received under its leases, and

required the lessees to account for all money owed to Oklahoma. On appeal the Trial Court was affirmed except as to its division of the river bed among the claimants. The Court of Appeals found that the District Court lacked jurisdiction of controversies between Indian tribes. *Cherokee Nation v. State of Oklahoma,* 461 F.2d 674 (Tenth Cir. 1972). By an Act of December 20, 1973 Congress consented to allow the Claimants to sue each other to quiet title to the disputed portions of the River's bed. A special court was created for that purpose. P.L. 93–195. That Court has considered the case and determined the Indian's respective ownership rights. *Choctaw Nation v. Cherokee Nation,* 393 F.Supp. 224 (E.D.Okl. 1975). This decision is final.

Mobil Oil Corporation (Mobil), a former lessee of the State of Oklahoma, and the State of Oklahoma, ex rel., Oklahoma Tax Commission, have filed a Motion For Modification of the Court's Order requiring Mobil and other lessees of the State to account for royalties due under its lease. Through this Motion the Tax Commission and Mobil seek the deduction of Oklahoma's Gross Production Tax from the royalty payments due the Indian Tribes under the Court's Order. This Motion is opposed by the Indian Tribes.

Movants assert that through various agreements Congress expressed an intent that, with specific exceptions, all lands belonging to the Five Civilized Tribes be either allocated to the Tribal Members or sold. The river bed was not specifically reserved, therefore Congress must have intended that it be sold. It was never sold. Had the river bed been allocated or sold it would have been taxable today. The lands that were sold were taxable by the State immediately upon there sale to non-Indians. The lands that were allocated to the Indian Tribal members became taxable upon the expiration of certain restrictions placed upon them by Congress. All of these restrictions have now expired. Therefore Movants assert that Congress intended the river bed to be taxable today.

Movants' argument ignores the present title status of land owned by these Indian Nations or Tribes. As a general rule Tribal land is held in trust by the United States for the use of the Tribes. *Holt v. C. I. R.,* 364 F.2d 38 (Eighth Cir. 1966). The land involved herein is unallocated, unsold Tribal land. This was its status when the United States Supreme Court in 1970 decreed the river bed to belong to the Tribes and not the State of Oklahoma. The title to this land is therefore in the United States. Moreover, the Act of Congress of April 26, 1906, 34 Statutes 137, provides that upon the dissolution of the Tribes, Tribal lands shall not become public lands or the property of the United States, but shall be held in trust by the United States for the Tribes. And, while it is unclear whether the Tribes have been dissolved to the extent necessary to activate this provision, it has been held that under this Statute the United States holds Tribal lands in trust for the Indian Tribes. *Cherokee Nation v. State of Oklahoma, supra.* Thus, the title of the subject river bed is clearly in the United States in trust for the Tribes. It has been settled since *M'Culloch v. The State of Maryland, et al.,* 17 U.S. (4 Wheat.) 316, 4 L.Ed. 314 (1819) that the United States or its property may not be taxed by the States without its consent. The Court finds no such consent on the part of the United States as to the unallocated and unsold Tribal lands involved in this matter. Therefore, Oklahoma may not impose its gross production tax against royalty payments to the Tribes from the river bed and the pending Motion should be overruled.